Per Curiam,
When a branch of this case was here before, in Garner’s Appeal, [ 1 Walker, 438,] it was held and decreed by this court: “ That defendant* Albion B. Spinney, purchased the property described in the bill at the sheriff’s sale, in trust for himself, James R. Cleaver and William Cleaver, to hold as tenants in common, and that the legal title, vested in him by the sheriff’s deed, is in trust for the use of James R. Cleaver and William Cleaver, their heirs and assigns, for the undivided two thirds of said property, they to pay two thirds of the sum bid at sheriff’s sale.” This is as explicit as language can make it, and had the plaintiffs paid their share of the purchase money they would have acquired title to the two-thirds in question. They did not pay it, however, and are now seeking to recover the premises in question without payment of the purchase money, and without even the shadow of the title. I cannot state this proposition more clearly than was done by the learned judge below in his charge to the jury. He said: “The plaintiffs here offer no title of any kind; no deed or written instrument is presented by the plaintiffs as going to show title in them. It is not *391 claimed that they ever paid a cent of the purchase money. They do not now propose to pay any portion of it. It is in evidence that, after considerable time, Mr. Spinney tendered to them a deed for two-thirds of the property, and they refused to receive it, refused to take it from him; and he then gave them written notice that unless they accepted the deed for the two-thirds to which they claim they were entitled under this sale, he would consider the trust relation between him and them at an end.”
The plaintiffs have no title to this land, and their claim is not worth discussing.
Judgment affirmed.